IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE VICKERS | § | |
| | § | |
| v. | § | A-11-CV-958-LY |
| | § | |
| CLAUDE MAYE | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Michael Vickers' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1); Petitioner's Memorandum of Law in Support of Petition (Clerk's Doc. No. 3); Petitioner's Supplemental Submission for Purposes of Judicial Notice (Clerk's Doc. No. 9); and Respondent's Response to Petition for Writ of Habeas Corpus (Clerk's Doc. No. 7). The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.     Background**

On January 30, 2007, a jury in the Northern District of Texas, Dallas Division, found Petitioner Michael Vickers guilty of violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1), felon in possession of a firearm. As Petitioner had previously been convicted of three violent felonies, his sentencing was guided by provisions of the Armed Career Criminal Act. The ACCA imposes a mandatory 15 year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or violent felonies. On July

5, 2007, the district court sentenced Petitioner to a 190-month term of imprisonment, followed by a three-year term of supervised released, and ordered that he pay a $100 mandatory assessment fee.

Petitioner appealed the district court's judgment. The United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence on August 12, 2008. On September 23, 2009, Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. His motion was denied on January 12, 2011. On November 8, 2011, Petitioner filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner brought his motion under the savings clause of 28 U.S.C. § 2255. The savings clause allows an otherwise barred § 2241 motion to be brought as a § 2255 motion when a petitioner proves that the remedy under a § 2255 motion is inadequate. Petitioner argues that one of his prior felony convictions—burglary of a habitation—does not qualify as "violent" under the terms of the ACCA. As such, he argues, his designation as an Armed Career Criminal is invalid.

The United States filed its Response to Petition for Writ of Habeas Corpus on January 26, 2012. The government opposes Petitioner's motion on the grounds that it fails to meet the requirements of the 28 U.S.C. § 2255 savings clause. The government also argues that Petitioner's motion fails when construed as a successive § 2255 motion.

**II.    Legal Standard**

Petitioner is currently incarcerated at the Federal Correctional Institution at Bastrop, Texas. Because § 2241 motions are to be heard in the federal judicial district in which the inmate is incarcerated, venue in this court is proper. A motion pursuant to § 2241 motion traditionally attacks the manner in which a sentence is carried out, or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In contrast, a § 2255 motion is the proper means

of attacking errors that occurred "at or prior to sentencing." *Id.* However, § 2255 "contains a 'savings clause,' which acts as a limited exception to this general rule." *Id.* at 452. If petitioners can establish that the remedy available under § 2255 is inadequate, they may bring a § 2241 motion under the § 2255 savings clause. *Id.*

The Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with the § 2255 savings clause. First, the petitioner's claim must be "based on a retroactively applicable Supreme Court decision." *Reyes-Requena v. United States*, 243 F.3d 893, 901(5th Cir. 2001). Second, that decision must establish "that the petitioner may have been convicted of a nonexistent offense." *Id.* Third, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." *Id.* Petitioner bases his motion on the Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S. Ct. 1581 (2008). In *Begay*, the Court limited the ACCA's application to certain violent crimes—burglary, arson, the use of explosives—and others that carry a similar degree of risk *Id.* at 1585.

An alternative to the savings clause argument is a claim under § 2255 based on an allegation of newly discovered evidence of such a convincing character as to call into question the accuracy of the guilty verdict, or if the Supreme Court makes a new, and previously unavailable, rule of constitutional law retroactive to cases on collateral review. *See* 28 U.S.C.A. § 2255 (h)(1)–(2). In order to bring such successive § 2255 claims, petitioners must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244 (b)(3)(A). Venue then lies with the sentencing court. *Reyes-Requena* at 895 n.3.

**III.    Analysis**

Petitioner brings a § 2241 challenge to his sentencing under the Armed Career Criminal Act. Section 2241 challenges to rulings at or before sentencing must be construed as either falling under the savings clause of § 2255, or as successive § 2255 claims. Petitioner's motion fails to meet the requirements of either.

    **A.    Petitioner fails to meet the requirements of the savings clause**

Petitioner's motion fails to meet the standard for bringing a § 2241 motion under the § 2255 savings clause.  In order to effectively bring a motion under the savings clause, petitioners must base it upon a retroactively applicable Supreme Court case. Vickers bases his claim on the Supreme Court's decision in *Begay*. However, the United States Court of Appeals for the Fifth Circuit has held that *Begay* does not apply retroactively.  *In re Bradford,* 660 F.3d 226, 230–31 (5th Cir. 2011); *Brown v. Person*, No. 5:08cv285-DCB-MTP, 2010 WL 6004382, *3 n.4 (S.D. Miss. July 14, 2010). To the extent Vickers' petition relies on *Begay*, it fails to meet the first part of the *Reyes-Requena* standard.

*Begay* also fails to meet the other two requirements of the savings clause.  *Begay* does not of itself reclassify Vickers' burglary of a habitation conviction as insufficiently violent to meet the standards of the ACCA.  Indeed, the *Begay* Court placed burglary first in its list of violent crimes applicable to the ACCA.  *Begay v. United States*, 553 U.S. at 144.  *Begay* also did not overturn any Fifth Circuit precedent that would have precluded Vickers from challenging his conviction under § 2255.  As Vickers' § 2241 petition fails to meet the requirements of the § 2255 savings clause, he is procedurally barred from bringing a § 2241 challenge to his conviction under the ACCA.

**B.     Petitioner fails to present sufficient new evidence to justify a successive § 2255 motion**

In the alternative, Petitioner's motion could be construed as a successive § 2255 motion. To bring a successive § 2255 motion, Petitioner must request that the Fifth Circuit order the district court to consider his application. He has not done so. Even if he had, and an order been issued, the proper venue for § 2255 motions is the court in which a petitioner was sentenced. In this case, that is the Northern District of Texas.

As this court is not the proper venue, we cannot rule on Petitioner's successive § 2255 motion. Were we to do so, it would appear his claim lacks merit. Successive § 2255 motions are permitted when either the Supreme Court makes a new, and previously unavailable, rule of constitutional law retroactive to cases on collateral review, or previously unavailable evidence calls into question a guilty verdict.  Here, petitioner has submitted documentation he claims calls his sentencing into question, but his purported new evidence is neither new nor convincing.

Petitioner has submitted a supplement to his motion that contains his Judicial Confession and Plea of Guilty to the generic crime of "burglary of a habitation."  Under Texas law, "burglary of a habitation" may refer to either of two subsections:  TEX. PENAL CODE ANN. § 30.02(a)(1) or § 30.02(a)(3). *United States v. Carrillo*, 421 F. App'x 395, 396 (5th Cir. 2011).  The distinction is crucial.  Burglary of a habitation under § 30.02(a)(1) constitutes a crime of violence under the ACCA.  But a conviction under § 30.02(a)(3) does not, "because that statutory subsection does not require entry with an intent to commit a crime of violence." *Id.*  Petitioner argues that because the document does not state the specific subsection to which he pleaded guilty, it calls into question the accuracy of his conviction under the ACCA.

In *Carrillo*, the defendant pleaded guilty to an indictment that contained multiple counts: one under § 30.02(a)(1), and one under § 30.02(a)(3). *Id.* In Texas, for guilty pleas, the state must only submit evidence to support the overall conviction, not to prove the allegations in each part of an indictment. *Id.* Accordingly, the court held that Carrillo's guilty plea to the indictment as a whole did not suffice to establish his guilt of the specific charge under § 30.02(a)(1)—the ACCA-invoking crime of burglary of a habitation with intent to commit a felony. *Id.* As such, the sentencing enhancement provisions of the ACCA were not triggered by that charge. *Id.* Petitioner's situation is different. Where Carrillo pleaded guilty to an indictment containing multiple counts, Petitioner pleaded guilty to just one: "burglary of a habitation." And while the document in Petitioner's supplemental submission does not specify whether he pleaded guilty under the terms of § 30.02(a)(1) or § 30.02(a)(3), the indictment does. The True Bill of Indictment under which Petitioner was charged, and to which he ultimately pled guilty, mirrors the language of § 30.02(a)(1), which is a crime of violence for purposes of the ACCA.

Finally, even if Petitioner's supplemental submission did suffice to establish doubt regarding his conviction under the ACCA, this Court has no reason to believe such documentation was not available previous to Petitioner's present motion. Such documentation is not new evidence for the purposes of bringing a successive § 2255 motion. Having also failed to cite a Supreme Court ruling declaring a new applicable rule of constitutional law, Petitioner's motion cannot be construed as a successive § 2255 motion.

**IV.    Recommendation**

The Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Michael Vickers' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**V.      Warnings**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE